[No. 2045.]

THE BOARD OF COUNTY COMMISSIONERS OF GARFIELD COUNTY v. WHITE, SUPERINTENDENT OF SCHOOLS.

1. SALARIES AND FEES—SCHOOL SUPERINTENDENTS—CLAIM AGAINST COUNTY—BURDEN OF PROOF.
Where a county school superintendent presented to the board of county commissioners an itemized bill for services rendered during the month, showing the particular services rendered on each day, which was disallowed by the board, and on appeal to the district court plaintiff testified that the services were necessary, and were rendered during the days specified in the itemized account, a *prima facie* case was established, and the burden of proof was on the county to overcome the *prima facie* case presented, if it challenged the rendition of any of the services, or the necessity for the same, or questioned them because of the length of time consumed in their performance.

2. SALARIES AND FEES—PUBLIC OFFICERS—PER DIEM—FRACTIONS OF DAYS.
The law does not recognize fractions of days. And where a public officer's compensation is fixed by a *per diem* for the time necessarily devoted to the duties of the office, such officer is entitled to the daily compensation for each day on which it becomes necessary to perform any substantial official service, if it is performed, regardless of the time occupied in its performance.

*Appeal from the District Court of Garfield County.*

Mr. C. W. DARROW, for appellant.

Mr. J. W. DOLLISON, for appellee.

Wilson, P. J.

Appellee, the plaintiff in the case, being county superintendent of schools for the county of Garfield, presented to the county commissioners a bill for services rendered by her as such official during one month. The account was itemized, showing the particular services claimed to have been rendered on each day for the total period of twenty-seven days. The claim was disallowed by a resolution, which reads in part as follows:

" Resolved, that the bill and claim of Aradell White for $135 for her *per diem* as superintendent of schools during March, 1899, be and the same is hereby disallowed for reasons, among which is the failure of the claimant to specify the time actually devoted to each item of service set out in the claim, the failure of said claim to show the number of days actually devoted to the performance of the services specified in the bill, and the failure of the bill to show the necessity for the performance of services therein set out, and the failure of said officer to keep her office in the county courthouse during the month of March, rather than at her residence, and because of the indefiniteness of the items set out, and stringing out for ten days the grading examination papers."

Plaintiff appealed to the district court, and there judgment was rendered in her favor for the full amount claimed. Upon the trial, the plaintiff testified that the services were necessary, were rendered during the days specified in the itemized account, and that they were within the scope of her official duties. Indeed, this last is apparent from a mere inspection of the items. No evidence was offered on the part of the defendant. The rendition of the services was not questioned, nor their legitimacy assailed. The precise contention of the defendant is somewhat obscure, but it seems to be, so far as we can determine from the argument in the brief, that there was a failure to show that the services rendered by the plaintiff did consume an entire day on the respective days for

which charges were made. In other words, as counsel says in his brief in discussing the statute providing for fees to be allowed the county superintendent of schools, "The officer is to receive five dollars for an actual day's work, and not five dollars for thirty minutes' work in writing a couple of letters." Under the general rule in such cases, this would have been matter of defense, but even if the rule is otherwise, in cases like this, where a public officer presents a bill for a *per diem* allowance for services, even if we are entitled to assume that some of the services consumed only a small portion of what is ordinarily spoken of as a day's work, yet we think it is clear that the question at issue is covered and definitely settled by a decision of our supreme court, in a case on all fours with this. *Smith v. Comrs.* of *Jefferson County*, 10 Colo. 17. In that case as here, the suit was based upon an account presented by a county superintendent of schools for services rendered. There as here, the bill was itemized, showing the services rendered upon each particular day covered by the account. The court said: "In regard to his compensation and traveling expenses, a proper construction of the statute is, that when he renders to the board of county commissioners an account of his services and mileage for a month or a quarter of a year, made out and verified as the law requires, he has established a *prima facie* case in his favor. * * * It is only upon due proof of an abuse of his official discretion or of errors apparent from inspection or established by proof, that jurisdiction exists to reject items of an account so rendered." Under this ruling, therefore, it was necessary in this case, if the defendant challenged the rendition of any of the services for which compensation was claimed, or the necessity for them, or questioned them because of the length of time consumed in their performance, for it to have made some showing to have overcome the *prima facie* case presented. The court also directly passed upon the main contention of counsel in this case. It said on page 22, "In this connection, counsel for the appellee asks for an opinion 'as to what length of time will constitute a day's service for the superintendent.'

We answer, the law does not recognize fractions of days; and, when it provides a *per diem* compensation for the time necessarily devoted to the duties of an office, the officer is entitled to this daily compensation for each day on which it becomes necessary for him to perform any substantial official service, if he does perform the same, regardless of the time occupied in its performance." Counsel claim that this was *obiter*, but we cannot agree with him. From the wording of the opinion, and the facts stated, it is manifestly apparent that this point was directly within the case. Counsel also contend that this opinion in the *Smith* case is not in point, because the statute was then different from what it is now. The statute under which that case arose provided "for the time necessarily spent in the discharge of his duty, he shall receive five dollars per day." Gen. Stats. sec. 3020. The statute upon which the claim here under consideration was based, provided that county superintendents should receive "the sum of five dollars per day, actually and necessarily employed for the county." Laws, 1891, p. 312, sec. 14. About the only change is the addition of the word "actually," and we cannot see that it has the significance claimed for it by counsel. It would not seem to add any particular strength or force to the language of the old statute. Indeed, the word "necessarily" would appear to be the stronger word. The services might actually have been performed, but might not have been necessary, in which case payment might have been refused. Under the old statute, they must not only have been rendered, but must have been necessary, and such is, we think, the only construction that can be placed upon this statute. Plaintiff testified that the services were rendered, and that they were necessary in the discharge of her official duty, and there was no evidence whatever to the contrary. The statute may be loosely worded, and may leave the door open for the perpetration of fraud, but in the absence of any evidence tending to show bad faith or fraud, that is a matter for the consideration of the legislature, and not of the courts.

The judgment will be affirmed.

*Affirmed.*